AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America
v.
SCOTT EDWARD PERRY, STEVE ANTHONY RICHARDS, DIEGO ASTUDILLO-MENDIETA, DANNY GARCIA-RUILOVA

Defendant(s)

Case No. 22-8598-BER

FILED BY _TM_ D.C.
DEC 19 2022
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of December 16, 2022 in the county of **Palm Beach in the Southern District of Florida, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1324(a)(1)(A)(i) & (2)(B)(ii) | Attempting to illegally bring aliens into the United States for commerical advantage and private financial gain (PERRY) |
| 8 U.S.C. 1326(a) & (b)(2) | Attempted illegal reentery into the United States after deportation or removal (RICHARDS) |
| 8 U.S.C. 1326(a) | Attempted illegal reentry into the United States after deportation or removal (ASTUDILLO-MENDIETA and GARCIA-RUILOVA) |

This criminal complaint is based on these facts:

See Attached Affidavit

**within the Special Maritime and Territorial Jurisdiction of the United States, and elsewhere, with Palm Beach County, in the Southern District of Florida, being the district to which the offenders were first brought

☑ Continued on the attached sheet.

_Complainant's signature_

HSI Task Force Officer Ron Andersson
_Printed name and title_

Sworn and Attested to me by Applicant by Telephone (FaceTime) pursuant to Fed. R. Crim. P. 4(d) and 4.1

Date: 12/19/22

_Judge's signature_

City and state: West Palm Beach, FL

Bruce E. Reinhart, U.S. Magistrate Judge
_Printed name and title_

## AFFIDAVIT OF RON ANDERSSON
## UNITED STATES DEPARTMENT OF HOMELAND SECURITY
## IMMIGRATION AND CUSTOMS ENFORCEMENT

I, Ron Andersson, being duly sworn, depose and state as follows:

1. I am a Task Force Officer (TFO) with the Homeland Security Investigations (HSI), and I am also Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over sixteen years. I am currently assigned to the HSI, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation, but only those facts necessary to establish probable cause to believe the following: **Scott Edward PERRY** committed the offense of attempted alien smuggling for pecuniary gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i) and (2)(B)(ii); **Steve Anthony RICHARDS** committed the offense of illegal re-entry into the United States after deportation or removal, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2); **Diego ASTUDILLO-Mendieta** committed the offense of illegal re-entry into the United States after deportation or removal, in violation of Title 8, United States Code, Section 1326(a); and, **Danny GARCIA-Ruilova** committed the offense of illegal re-entry into the United States after deportation or removal, in violation of Title 8 United States Code, Section 1326(a).

3. On or about December 16, 2022, at approximately 1930 hrs. Customs

1

Border Protection (CBP) Air Marine Operations (AMO) and Palm Beach Sheriff's Office became aware of a vessel being tracked by coastal radar, and PBSO helicopter approximately 6 nautical miles east of the Lake Worth inlet, travelling in a westerly direction towards Palm Beach County, Florida. CBP AMO and PBSO covertly positioned themselves behind the target vessel. CBP AMO along with PBSO energized their lights and sirens and illuminated the vessel with their spotlight. The vessel was traveling approximately 14 knots and appeared to be heavily loaded in the front due to excessive bow spray. While pulling alongside the vessel, CBP AMO observed **PERRY** piloting the vessel. PERRY did not slow down nor stop the vessel. CBP AMO had to yell verbal commands, at which time PERRY slowed down the vessel but did not come to a complete stop, instead keeping his course of travel. After several more verbal commands were given, PERRY finally stopped the vessel. The vessel was later identified as a 31-foot enclosed cabin vessel bearing Florida registration FL6894NB. The stop occurred approximately 4 nautical miles east of Lake Worth inlet, in the Special Maritime and Territorial Jurisdiction of the United States. Upon boarding the vessel, a total of 28 persons were discovered, to include: **Scott Edward PERRY**, a U.S. citizen, **Steve Anthony RICHARDS**, a citizen and national of Jamaica, **Diego ASTUDILLO-Mendieta**, a citizen and national of Ecuador, **Danny GARCIA-Ruilova**, a citizen and national of Ecuador, as well as 22 Haitian migrants and 2 other United States citizens were discovered. The Defendants were later transported to the Border Patrol station in Palm Beach County, Southern District of Florida.

   4.  On December 18, 2022, Homeland Security Investigations (HSI) Special

Agents conducted a post-*Miranda* interview of Scott Edward PERRY, a United States citizen, residing in Florida. PERRY told agents that on or about December 7, 2022, he and three others, including the two U.S. citizens who were on board the smuggling vessel, took two sailboats from West Palm Beach, Florida to West End, Bahamas, and that he (PERRY) was going to paid approximately $1,500 for doing so. During the trip, one of the sail boats lost an engine. The other sailboat had to tow it, and both vessels eventually arrived in West End, Bahamas. PERRY, along with the three others, departed the vessel. PERRY and the two other United States citizens stayed in what PERRY called an Airbnb. After a couple of days, PERRY stated that Bahamians moved him and the other U.S. citizens from the Airbnb to a hotel in Lucaya, Bahamas. PERRY stated that the Bahamians brought him and the others food and gave them money to go out and buy their own food. During the stay in the Bahamas, PERRY claimed that he was contacted by one of the Bahamians and was asked to smuggle people back to the United States. PERRY told agents that he did not want to smuggle the migrants and said no. Sometime later, an unidentified Bahamian male picked up all three of them from the hotel. PERRY stated that while driving, he realized that they were being taken to another boat. Upon arrival, PERRY stated that a man with a bat escorted them down to a "powerboat" where 30 to 50 people were on board. PERRY stated that he told the Bahamians that the boat was overloaded and that some of the migrants needed to get off the boat, to which he said that the Bahamians began throwing people off the boat. Eventually, PERRY departed to the United States with a total of 28 people on board. PERRY stated that he used the "Navionics" GPS application on his cellular telephone to guide the vessel and at one point wanted to turn around and ask another vessel for help,

but instead continued to the United States and said that if he was caught, he would rather do time in the United States than in the Bahamas. PERRY said that he was going to take the vessel back into Lake Worth Inlet and leave the boat on the public docks located in West Palm Beach, Florida.

5. A review of his immigration records shows on or about August 17, 1994, **Steve Anthony RICHARDS** was sentenced to three years in Maryland state prison for distribution of a controlled substance. RICHARDS absconded his state criminal sentence, becoming a fugitive from justice. On or about December 6, 1996, RICHARDS was encountered by immigration officials at District of Colombia jail, Washington D.C. Immigration officials issued an immigration detainer and placed RICHARDS into immigration proceedings. On May 9, 1997, RICHARDS was ordered removed by an immigration judge. On or about April 14, 1998, RICHARDS was removed from the United States and returned to Jamaica. In 2000, RICHARDS attempted to illegally reenter the United States using a false U.S. passport in the name of "Stephen Burley". Ultimately, RICHARDS was taken into DHS custody and prosecuted for illegal reentry into the United States. He was sentenced to forty-six (46) months federal prison. On or about April 30, 2004, RICHARDS was again removed from the United States and returned to Jamaica.

6. A review of his immigration records shows on or about December 14, 2013, **Diego Arman ASTUDILLO-Mendieta** was encountered by Border Patrol Agents at or near Falfurrias, Texas. ASTUDILLO-Mendieta stated to agents that he was a citizen and national of Ecuador without the necessary legal documents to enter, pass through, or remain in the United States. Border Patrol Agents determined confirmed that

ASTUDILLO-Mendieta was a citizen of Ecuador who had unlawfully entered the United States of America near Falfurrias, Texas from Mexico at a time and place other than as designated by the Secretary of Homeland Security of the United States of America and without inspection by an immigration officer. ASTUDILLO-Mendieta was arrested and transported to Kingsville Border Patrol Station and placed through removal proceedings as an expedited removal. On January 16, 2014, ASTUDILLO-Mendieta was served a notice to appear and released on an immigration bond. On February 10, 2021, ASTUDILLO-Mendieta's application for asylum was denied. On or about February 10, 2021, ASTUDILLO-Mendieta was ordered removed by an Immigration Judge at Newark, New Jersey. On November 21, 2022, ASTUDILLO-Mendieta self-deported from the United States to Ecuador.

7. A review of his immigration records shows on or about December 13, 2013, **Danny Javier GARCIA-Ruilova** was encountered by Border Patrol Agents at or near Naco, Arizona. GARCIA-Ruilova stated to agents that he was a citizen and national of Ecuador without the necessary legal documents to enter, pass through, or remain in the United States. Border Patrol Agents confirmed that GARCIA-Ruilova was a citizen of Ecuador who had unlawfully entered the United States of America near Naco, Arizona from Mexico at a time and place other than as designated by the Secretary of Homeland Security of the United States of America and without inspection by an immigration officer. On February 21, 2020, GARCIA-Ruilova was removed from the United States and returned to Ecuador.

8. On December 18, 2022, Homeland Security Investigations (HSI) Special Agents conducted a post-*Miranda* interview of GARCIA-Ruilova. GARCIA-Ruilova stated

that he paid a total of sixteen thousand dollars ($16,000) between Ecuador and the Bahamas to be smuggled into the United States. GARCIA-Ruilova stated eight thousand dollars was paid to an individual in Ecuador, and another eight thousand dollars was paid to an individual in the Bahamas. GARCIA-Ruilova stated that he observed Scott PERRY captaining the smuggling vessel.

9. A record checks was performed in the Computer Linked Application Informational Management System (CLAIMS) to determine if **Steve Anthony RICHARDS, Diego ASTUDILLO-Mendita, and Danny Javier GARCIA-Ruilova** filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that any of the individuals obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

10. Based on the foregoing, I submit that probable cause exists to believe that, on or about December 16, 2022, **Scott Edward PERRY** committed the offense of attempted alien smuggling for pecuniary gain, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(i) and (2)(B)(ii); **Steve Anthony RICHARDS**, an alien who was previously deported and removed from the United States, was found in the United States without having received express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Sections 1326(a) and (b)(2); and, **Diego ASTUDILLO-Mendieta** and **Danny GARCIA-Ruilova,** aliens who were previously deported and removed from the United States, were found in the United States without

having received express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a).

_____
Ron Andersson
Task Force Officer
Homeland Security Investigations

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this __19__ day of December 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-8598-BER

UNITED STATES OF AMERICA

v.

SCOTT EDWARD PERRY, et al.

Defendants.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)?  ___ Yes  ✓ No

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

BY: *Rinku Tribuiani*
Rinku Tribuiani
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   0150990
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    (561) 820-8711
Fax:   (561) 820-8777
Email:  RTribuiani@usa.doj.gov