UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80005-CR-CANNON

UNITED STATES OF AMERICA

vs.

DANNY JAVIER GARCIA-RUILOVA ,

Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and DANNY JAVIER GARCIA-RUILOVA (hereinafter referred to as the "defendant"), enter into the following agreement:

1.     The defendant agrees to plead guilty to Count 3 of the Indictment, which charges the defendant with attempted illegal reentry into the United States after deportation or removal, in violation of Title 8, United States Code, Section 1326(a)

2.     The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the

Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.     The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of two (2) years, followed by a term of supervised release of up to one (1) year. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

4.     The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6.      This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7.      The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office

3

makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

8.     The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because the defendant is pleading guilty to 8 U.S.C. § 1326(a), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

9.     This is the entire agreement and understanding between this Office and the

4

defendant. There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 2/8/23                    By: _____
                                    RINKU TRIBUIANI
                                    ASSISTANT UNITED STATES ATTORNEY

Date: 2/8/23                    By: _____
                                    KHURRUM WAHID
                                    DEFENSE ATTORNEY

Date: 2/8/23                    By: _____
                                    DANNY JAVIER GARCIA-RUILOVA
                                    DEFENDANT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 23-80005-CR-CANNON**

**UNITED STATES OF AMERICA**

vs.

**DANNY JAVIER GARCIA-RUILOVA,**

    **Defendant.**

_____

## FACTUAL PROFFER

Had this case proceeded to trial, the United States would have proved beyond a reasonable doubt the following facts:

On or about December 16, 2022, Danny Javier GARCIA-Ruilova was one of 25 migrants on a vessel bound for the United States, and was attempting to illegally re-enter the United States. The vessel was intercepted approximately 4 nautical miles east of Lake Worth inlet, in the Special Maritime and Territorial Jurisdiction of the United States. GARCIA-Ruilova was brought on shore to the immigration processing center in Riviera Beach, Palm Beach County, Southern District of Florida. GARCIA-Ruilova was determined to be a citizen and national of Ecuador who had previously been ordered to be removed from the United States, as detailed below.

A review of his immigration records shows on or about December 13, 2013, GARCIA-Ruilova was encountered by Border Patrol Agents at or near Naco, Arizona. GARCIA-Ruilova stated to agents that he was a citizen and national of Ecuador without the necessary legal documents to enter, pass through, or remain in the United States. Border Patrol Agents confirmed that GARCIA-Ruilova was a citizen of Ecuador who had unlawfully entered the United States of America near Naco, Arizona from Mexico at a time and place other than as designated by the

Secretary of Homeland Security of the United States of America and without inspection by an immigration officer. On February 21, 2020, GARCIA-Ruilova was removed from the United States and returned to Ecuador.

On December 18, 2022, Homeland Security Investigations (HSI) Special Agents conducted a post-*Miranda* interview of GARCIA-Ruilova. GARCIA-Ruilova stated that he paid a total of sixteen thousand dollars ($16,000) between Ecuador and the Bahamas to be smuggled into the United States. GARCIA-Ruilova stated eight thousand dollars was paid to an individual in Ecuador, and another eight thousand dollars was paid to an individual in the Bahamas.

A records check was performed in the Computer Linked Application Informational Management System to determine if GARCIA-Ruilova filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that GARCIA-Ruilova obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 2/8/23          By: _____

RINKU TRIBUIANI
ASSISTANT UNITED STATES ATTORNEY

Date 2/8/23          By: _____

KHURRUM WAHID
DEFENSE ATTORNEY

Date 2/8/23          By: _____

DANNY JAVIER GARCIA-RUILOVA
DEFENDANT

2