UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 23-80005-CR-CANNON/REINHART

UNITED STATES OF AMERICA,
                 *Plaintiff*,

vs.

DANNY GARCIA-RUILOVA,
                 *Defendant*.

_____/

## SENTENCING MEMORANDUM

The defense respectfully submits this document and accompanying exhibits to aid the Court's determination of an appropriate sentence for Mr. Garcia-Ruilova. Below are factors delineated in 18 U.S.C. § 3553(a), which allow the Court additional basis to sentence Mr. Garcia-Ruilova below the bottom of his guidelines range. This memorandum is a request for a variance below the bottom of the U.S.S.G. United States v. Booker, 553 U.S. 220 (2005).

The yardstick is now a sentence "sufficient but not greater than necessary" to accomplish the stated goals of sentencing [in §3553(a)(2)]. There is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" [§3553(a)(6)], and the need "to promote respect for the law, and to provide just punishment for the offense" [§3553(a)(2)(A)]." United States v. Ranum, 353 F. Supp.2d at 987 (E.D. Wisc. 2005). Reasonableness is the overarching factor to determine a sentence and the guidelines are only one element of determining what is reasonable. Kimbrough v. U.S., 552 U.S 85, 90 (2007). The standards governing departures do not bind a district court when employing its discretion with respect to variances. United States v. Chase, 560 F.3d 828 (8th Cir. 2009). Courts have reduced sentences by up to a third and this has been found reasonable. United States v. Jenkins, 537 F.3d

1

1(1st Cir 2008). Up to an eight level departure downward from the guidelines has been deemed reasonable.  United States, v. Menyweather, 431 F.3d 692 (9th Cir. 2005).

NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Danny Garcia-Ruilova first entered the United States and was located on January 11, 2020.  He was then removed from the United States on February 21, 2020. He reentered without permission on a boat from the Bahamas on December 16, 2022. Mr. Garcia-Ruilova cooperated with DHS providing them a full accounting of what he knew and that he paid $8,000 to enter the U.S.

DEFENDANTS CHARACTERISTICS

Mr. Danny Garcia-Ruilova completed high school in Equador and went on to try and complete his college degree. Due to financial difficulties, he could not complete his college degree and took up driving a taxicab in the small town of Santa Isabel, Equador. Both Mr. Garcia-Ruilova's parents left Equador when he was a very young child, so he was raised by his aunt who was single and did not have a regular job. He owned his own car and earned about $100 per month. He is married but has no children. His wife and he decided to wait to have children as they cannot afford them on the limited income both Danny and his wife earn.

Mr. Garcia-Ruilova's attempt to enter the United States was to find work that paid enough to send back to his wife and other family members.

CONCLUSION

When looking at all the sentencing factors pursuant to 18 USC 3553, Mr. Danny Garcia-Ruilova asks this Court to sentence him to 59 days in jail with credit for 59 days. He has led a positive life and supported his family. His efforts to the enter the United States were toward making a better life for himself and his wife while supporting other family members in Equador. The

2

United States Sentencing Guidelines allow the Court to sentence Mr. Garcia-Ruilova to no jail time.  He has been in custody since December 16, 2022.

Respectfully submitted,

By: _/S/_Khurrum Wahid_
Khurrum Wahid, Esq.
Fla Bar No.: 178764

Wahid Vizcaino Geller, LLP
2103 Coral Way Suite 401
Miami, FL 33145
Tel: (305) 444-4303

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of April 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either by electronic transmission generated by CM/ECF, or in some other manner for those counsel or parties who are not able to receive electronic filings.

Respectfully submitted,

By: _/S/_Khurrum Wahid_
Khurrum Wahid, Esq.
Fla Bar No.: 178764

Wahid Vizcaino Geller, LLP
2103 Coral Way Suite 401
Miami, FL 33145
Tel: (305) 444-4303